STATE OF FLORIDA, ex rel., W. C. BEACHAM, v. J. G. WYNN, et al.
28 So. (2nd) 253                                                June Term, 1946
December 6, 1946                                          Special Division B

*C. W. Peters* and *Louis M. Jepway,* for appellant.
*Ira J. Haycock* and *Dante B. Pascell,* for appellees.

ADAMS, J.:

Appellant made written application to the appellee, City of Homestead, for a license to operate a package whisky store. The city denied the application. Mandamus was brought to coerce the city and on final hearing judgment was awarded the city and this appeal followed.

The place of business where appellant desires to operate is in the unrestricted area as zoned by the city. The refusal to grant the application is planted on the proposition that the city council is made up of residents and business men who are familiar with local conditions; that in their sound judgment and discretion the application should be denied; that they had established a policy of leaving this area open for business to colored persons believing it to be good policy to encourage colored people to own business in their section. The council was also of the opinion that it was contrary to good morals

to grant a license to a white man in the colored section; that the granting of a license would probably create a nuisance all of which would entail added expense and difficulty to police.

The noble ideals which prompted the council are laudable indeed and reflect the experience of practical men. A defense in law must yield to certain principles of law which are so well understood as to leave no room for doubt or to require the citation of authority. The law prohibits racial discrimination. The basic philosophy which supports our body politic proclaims that we are governed by law rather than by the personal edict of officials. No fair minded and thoughtful person will dispute the fact that this type of business does tend to create a nuisance and that it also requires added expense to police, however the state settled these questions, so far as the city was concerned, by enacting the beverage law.

The city has certain powers and duties which it may execute and perform. Those are known and it does not appear necessary to restate them here. The fundamental fallacy with the city's case here is that it has not promulgated its policy in a lawful manner, that is—by a duly enacted ordinance. We are not called upon to hold that the defenses argued would constitute a valid ordinance if so enacted. A city must promulgate its public policy by virtue of a duly enacted ordinance otherwise its application would be subject to the caprice of the city officials. This practice would, in all probability, result in an inequality before the law.

It is also urged that the city had reason to believe that relator was not the real applicant for the license and for other good and sufficient reasons the city officials exercised their judgment in rejecting the application; that their judgment was sanctioned by the considered approval of the circuit judge, hence it should not be reversed.

It is true that mandamus is a discretionary writ. We are also loathe to disturb a judgment based on discretion. Discretion, in legal terminology, is not an unbridled prerogative possessed by either ministerial or judicial officials. It connotes the exercise of opinion and judgment circumscribed

by law. Where the right is indisputable there is no room for the exercise of discretion other than in keeping with the law.

For the reasons stated the judgment is reversed for further and appropriate proceedings.

Reversed.

TERRELL, BUFORD and BARNS, JJ., concur.